Espinal-Cruz v. Holder

BIA
A099 668 207/208/209

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

CARMEN SUYAPA ESPINAL-CRUZ,
JONATHAN JOSUE ESPINAL-CRUZ,
DARWIN EDUARDO URBINA-ESPINAL,
            *Petitioners,*

v.                                              11-4909
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Michael P. DiRaimondo, DiRaimondo &
                       Masi, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jamie M. Dowd,

**Senior Litigation Counsel; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Honduras, seek review of the October 27, 2011, decision of the BIA denying their motion to reopen. *In re Carmen Suyapa Espinal-Cruz, et al.*, Nos. A099 668 207/08/09 (B.I.A. Oct. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Petitioners' motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' 2011 motion was untimely, as the final administrative decision was issued in 2009. *See*

2

8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, there is no error in the BIA's conclusion that Petitioners failed to demonstrate materially changed country conditions in Honduras that would excuse the untimely filing of the motion to reopen.

As the BIA noted, Petitioners' motion to reopen reiterated their initial asylum claim, and included evidence purporting to show that conditions in Honduras have worsened and gang violence has increased. However, even if gang violence has increased in Honduras, this evidence is not material to Petitioners' claim because it does not establish a nexus between the feared harm and a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1229a(c)(7)(C)(ii); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007).

Petitioners also argue that their due process right was violated because the BIA failed to consider all of the evidence in the record. However, aliens filing untimely motions to reopen have no due process right in the proceedings. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008) ("We hold that an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum."). Regardless, Petitioners do not establish that the BIA failed to consider record evidence, as the BIA dedicated a full paragraph in its decision to discussing the evidence submitted with the motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk